NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 12 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DELFINO CIRILO-GARCIA, | No. 19-71017 |
| Petitioner, | Agency No. A205-920-906 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 3, 2020**

Before: MURGUIA, CHRISTEN, and BADE, Circuit Judges.

Delfino Cirilo-Garcia, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' order denying his request for voluntary departure and dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"), and his request for a continuance.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

Cirilo-Garcia fails to challenge, and therefore waives, the agency's denial of voluntary departure and his request for a continuance. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).

Substantial evidence supports the agency's determination that Cirilo-Garcia failed to establish he suffered past persecution in Mexico. *See Gonzalez-Medina v. Holder*, 641 F.3d 333, 338 (9th Cir. 2011) (holding "past persecution must have occurred in the proposed country of removal"); *see also Tamang v. Holder*, 598 F.3d 1083, 1091-93 (9th Cir. 2010) (no past persecution where petitioner did not suffer any harm personally and the persecution of his brother did not directly impact petitioner in any way). Substantial evidence also supports the agency's determination that Cirilo-Garcia failed to establish an objectively reasonable fear of future persecution in Mexico. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution "too speculative"). We lack jurisdiction to consider Cirilo-Garcia's contentions regarding a pattern and practice of persecution. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency). Thus,

2                                                                                    19-71017

Cirilo-Garcia's asylum claim fails.

In this case, because Cirilo-Garcia failed to establish eligibility for asylum, he failed to demonstrate eligibility for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Substantial evidence supports the agency's denial of CAT relief because Cirilo-Garcia failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); *see also Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011) (claims of possible torture speculative).

We reject Cirilo-Garcia's contention that the agency failed to consider evidence. *See Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 894 (9th Cir. 2018) (concluding there was no indication that the agency did not consider all of the record evidence).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**